IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
GALVESTON DIVISION

| | | |
|---|---|---|
| ERIKA YATES, GREG NOLAN, RICK MCCOLLUM and SAM HODGES, **Plaintiffs** | § § § § § § | |
| v. | § § | Civil Action No. 3:11-CV-123 |
| CITY OF KEMAH, TEXAS, MATTHEW WIGGINS, *Individually and in his Official Capacity,* **Defendants** | § § § § § § | JURY DEMANDED |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ERIKA YATES, GREG NOLAN, RICK MCCOLLUM and SAM HODGES, PLAINTIFFS, who make this Original Complaint as follows:

### I. SUMMARY

1. This is an action brought by ERIKA YATES, GREG NOLAN, RICK MCCOLLUM and SAM HODGES, Plaintiffs, against the CITY OF KEMAH, TEXAS, MATTHEW WIGGINS, mayor of Kemah, Texas, Defendants, under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Texas Government Code, and the Texas Declaratory Judgment Act. Plaintiffs are

seeking relief from Defendant's violations of the First and Fourteenth Amendment of the United States Constitution, violations of Chapter 614 of the Texas Government Code, which occurred when Defendants wrongfully terminated Plaintiffs from their positions at the City of Kemah Police Department. Plaintiffs seek compensatory and exemplary damages and declaratory and equitable relief for the Defendants' wrongful termination of the Plaintiffs in violation of the law of the United States and in violation of the law in the State of Texas.

## II. PARTIES

2. Plaintiff, ERIKA YATES, is an individual who is a resident of Galveston County, Texas.

3. Plaintiff, RICK MCCOLLUM, is an individual who is a resident of Galveston County, Texas.

4. Plaintiff, GREG NOLAN, is an individual who is a resident of Galveston County, Texas.

5. Plaintiff, SAM HODGES, is an individual who is a resident of Galveston County, Texas.

6. Defendant, CITY OF KEMAH, TEXAS, is a municipal corporation located in Galveston County, Texas and incorporated under the laws of the State of Texas. Defendant may be served with process by serving its Mayor,

Clerk, Treasurer, or City Secretary, Kathy Pierce, at 1401 State Highway 146, Kemah, Texas 77565 under the authority of Texas Civil Practice & Remedies Code § 17.024(b) as allowed by Fed. R. Civ. Pro. 4(j)(2)(B).

7. MATTHEW WIGGINS is the Mayor of the City of Kemah, Texas and is a resident of Galveston County, Texas. Defendant may be served with process at Kemah City Hall, 1401 State Highway 146, Kemah, Texas 77565.

### III. JURISDICTION

8. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 and U.S.C. § 1343. This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint.

### IV. VENUE

9. Venue is proper in the Southern District of Texas, Galveston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### V. CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred. Plaintiffs have exhausted all appeals available through the City of Kemah, Texas.

## VI. FACTS

11. Plaintiffs were collectively employed as City of Kemah Police Officers or Police Supervisors.

12. Erika Yates was employed as an officer with the Kemah Police Department from 2003 until the time of her termination. In addition to her position as a Kemah Police Officer, Erika Yates held the position as Secretary/Treasurer with the Kemah Police Officer's Association.

13. Greg Nolan was employed as a Sergeant with the Kemah Police Department from 1999 until the time of his termination. In addition to his position as a Kemah Police Sergeant, Greg Nolan held the position of President with the Kemah Police Officer's Association.

14. Rick McCollum was employed as a Lieutenant with the Kemah Police Department from 1995 until the time of his termination. In addition to his position as a Kemah Police Lieutenant, Rick McCollum was a member of the Kemah Police Officer's Association.

15. Sam Hodges was employed as a Sergeant with the Kemah Police Department date. In addition to his position as a Kemah Police Sergeant, Sam Hodges was a member of the Kemah Police Officer's Association.

16. In May 2008, the Kemah Police Officers organized the Kemah Police Officer's Association.

17. In their positions as members and leaders of the Kemah Police Officer's Association, the Plaintiffs were vocal and politically active in the City of Kemah political scene.

18. Shortly after formation of the Police Officer's Association, the officers also formed a political action committee (PAC) in order to support candidates who shared common political values with the Police Association.

19. At the inception of the Kemah Police Officer's Association, City Manager Bill Kerber immediately communicated his displeasure with the formation of the association and demanded to be a full voting member. Despite the memberships concerns with allowing a city decision-maker membership in the Association, an associate membership position was created for Mr. Kerber.

20. As the city elections were approaching in May 2009, the Police Officer's Association hosted a "meet the candidate" night. Two political candidates attended, one of which was Pat Buchanan, a political ally of Mayor Matt Wiggins.

21. During the meeting, concerns were raised surrounding the City's response to Hurricane Ike. At this association meeting, the officers raised the issue that there were no meals or supplies available to the officers in the wake of the storm. When Ms. Buchanan claimed that the City had learned its

lesson and now had supplies the officers quite naturally asked where the supplies were being stored. Ms. Buchanan became embarrassed when pressed on the issue and was heard by multiple persons saying it was time to get rid of some "dead wood around here."

22. Within a couple of weeks of hosting the political meeting, the aforementioned Plaintiffs were suddenly terminated from their employment with the City, without cause.

23. The City of Kemah's established policy for layoffs is last hired, first fired, but the City failed to follow this policy. The officers who were terminated were senior to other officers of similar rank at the Department. Lieutenant McCollum was senior in both time with the agency and in the rank of Lieutenant as the other Lieutenant at the Department. Sergeant Nolan was the 3 of 4 in seniority of the Sergeants. Sam Hodges was 1 of 4 in seniority of Sergeants. Erika Yates had at least 4 officers who were less senior to her at the time of the termination.

24. The City of Kemah claimed that the reason for the terminations was due to financial considerations after Hurricane Ike and a necessary reduction in force. However, less than two months after the terminations of these officers, the City was purchasing new bicycles, four wheelers, and the Police Department created a new supervisory position of Night watch Commander.

25.   The City of Kemah has established policies regarding the rehire of employees who had been affected by a reduction in force. Despite these policies, the City of Kemah posted hiring notices for the position of police officer, however failed to rehire or even contact the employee's who had been terminated for this "reduction in force" in violation of their established policy.

26. The Plaintiffs were terminated because of their union membership and political activities on behalf of the Kemah Police Officer's Association. Further, they were terminated for their political support of persons other than the Defendant and their attempts to redress grievances with the City.

27. The officers were also denied any type of an appeal from their termination as it was classified a "reduction in force."

## VII.  COUNT 1 – VIOLATION OF 42 U.S.C. §1983

28. Plaintiffs restate Paragraphs 11-27 and incorporates them for all purposes.

29. The listed Plaintiffs held paid positions as police officers for the City of Kemah.

30. Plaintiffs were deprived of their rights of freedom of speech and freedom of association under the First Amendment of the U.S. Constitution

when the City of Kemah and Matt Wiggins terminated the officers in violation of 42 U.S.C. § 1983 for exercising their First Amendment rights.

## VIII. COUNT 2 – VIOLATION OF 42 U.S.C. §1983

31. Plaintiffs restate Paragraphs 11-27 and incorporates them for all purposes.

32. The listed Plaintiffs held paid positions as police officers for the City of Kemah.

33. Plaintiffs were also deprived their due process rights under the Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983.

34. In the present case, Plaintiffs had a property interest in their continued employment and Defendants violated the Fourteenth Amendment to the U.S. Constitution when they discharged them without due process of law. Plaintiffs have been deprived of a cognizable property interest in their employment. *Bolton v. City of Dallas, Texas,* 472 F.3d 261 (5th Cir. 2006). Plaintiffs further had a property interest in their continued employment as established by Chapter 614.021-.023 of the Texas Government Code. *Turner v. Perry*, 278 S.W.3d 806, 822 (Tex. App.--Houston [14th Dist.] 2009, pet. denied). In the instant case, Plaintiffs were also terminated without any type of written complaint and without any form of investigation, as required by

Chapter 614 of Texas Government Code. TEX. GOV'T CODE ANN. §§ 614.021-.023.

## IX. COUNT 3 – SUIT FOR DECLARATORY JUDGMENT

35. Plaintiff restates Paragraphs 11-27 and incorporates them for all purposes.

36. Defendants, through their actions and claims, have caused uncertainty and insecurity with respect to Plaintiffs' rights, status, and other legal relations.

37. Defendants have waived their immunity from suit by conduct.

38. Plaintiff asks the Court to find that Defendants wrongfully terminated Plaintiffs in violation of their First Amendment rights of freedom of speech and freedom of association and Plaintiffs' due process rights under the Fourteenth Amendment to the U.S. Constitution and in violation of Texas Government Code Chapter 614.

## X. REQUEST FOR INJUNCTIVE RELIEF

39. Plaintiffs restate Paragraphs 11-27 and incorporates them for all purposes.

40. Plaintiffs request the following injunctive relief:

    A. That Defendant City of Kemah, Texas institute policies to insure they do not discharge or discipline current or former employees for the

exercise of rights guaranteed under the Constitution or the Texas Government Code;

B. That Defendant City of Kemah, Texas implement procedures to protect its current, past and future employees from the City's violation of employee's constitutional rights.

## XI.  DAMAGES

41. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the following injuries and damages:

   a. Lost earnings.
   b. Loss of earning capacity.
   c. Damage to reputation in the past and future.
   d. Mental anguish in the past and future.
   e. Loss of pension or retirement benefits.
   f. Exemplary damages.

## XII.  ATTORNEY FEES

42. It was necessary for Plaintiffs to hire the undersigned attorney to file this lawsuit.  Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

## XIII.  JURY TRIAL DEMANDED

43.  Plaintiff requests a Trial by Jury.

## XIV.  PRAYER

44. For these reasons, Plaintiff asks for judgment against Defendants for the following:

10

   a. Injunctive relief;
   b. Actual damages and exemplary damages;
   c. Reasonable attorney fees;
   d. Prejudgment and postjudgment interest;
   e. Costs of suit;
   f. All other relief the court deems appropriate.

>Respectfully submitted,
>**CAGLE & MCCUMBER**
>
>_s/_ GREGORY B. CAGLE__
>By: **Gregory B. Cagle**
>State Bar No. 00790414
>Fed. I.D. No. 19460
>215 E. Galveston St.
>League City, Texas  77573
>Tel. (281) 332-7630
>Fax: (281) 332-7877
>**COUNSELFOR PLAINTIFFS**